UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL GEORGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14-CV-1167 (CEJ) |
| | ) | |
| SHADOW RIDGE PROPERTIES, LLC | ) | |
| and JACK E. ROBINSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss the amended complaint for (i) lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); (ii) lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2); improper venue pursuant to Fed. R. Civ. P. 12(b)(3); and (iv) pursuant to the doctrine of *forum non conveniens*. Also before the Court is plaintiff's motion for leave to file a second amended complaint and alternative motion to transfer venue. The issues are fully briefed.

I. **Background**

Plaintiff Michael George signed a contract with defendant Shadow Ridge Properties, LLC to lease property in Naples, Florida. According to the complaint, on July 1, 2012, while George was moving furniture into the property, his shoe adhered to adhesive material left on the kitchen floor by agents or employees of Shadow Ridge. With his shoe stuck in place, George stopped moving forward in unison with a person helping him carry a glass table-top into the kitchen. The other person lost grip on the table, causing it to fall to the floor and shatter. Broken glass from the table lacerated George's left leg. He was transported to a

1

hospital where he underwent surgery on the injured leg. On June 30, 2014, George brought this action against Shadow Ridge and Jack E. Robinson, alleging negligence based on premises liability and failure to comply with a Florida statute requiring disclosure of liability insurance coverage to a claimant.

In the proposed second amended complaint, plaintiff alleges that Robinson is a citizen of Connecticut and is "the sole member, managing member, and general manager" of Shadow Ridge. *Second Amended Complaint* at ¶ 4. Plaintiff further alleges that in June 2012, Robinson "knowingly and willfully transacted business within the state of Missouri by negotiating a contract for lease in Missouri, signing a contract for lease in Missouri, emailing and calling Missouri, and demanding and receiving a payment under the contract for lease via a wire transfer of $4,690.00 from a bank located in the City of St. Louis, state of Missouri." *Id.* at ¶ 8. There is no allegation as to the location of the property that was the subject of the contract for lease, nor does plaintiff allege that he was a party to the contract. According to the second amended complaint, Shadow Ridge is a Delaware-organized limited liability company, with Connecticut citizenship and a Florida registered agent, that owned and operated the property in Florida where plaintiff was injured. *Id.* at ¶ 6.

II.  Discussion

　A.  Second Amended Complaint

Defendants moved to dismiss the first amended complaint for (i) lack of subject matter jurisdiction, (ii) lack of personal jurisdiction, (iii) improper venue, and (iv) pursuant to the doctrine of *forum non conveniens*. Instead of filing a response to defendants' motion, plaintiff filed a motion for leave to file a second amended complaint, along with the proposed amendment, purportedly addressing

2

the alleged deficiencies defendants highlighted. In their response to plaintiff's motion to amend, defendants concede that the amendment would solve the previous pleading deficiencies regarding diversity of citizenship and subject matter jurisdiction. However, defendants argue that plaintiff's motion to amend should be denied for futility, because the second amended complaint fails to address the issues of personal jurisdiction, venue, and *forum non conveniens*.

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs courts to freely give leave to amend when justice so requires. Because the amended allegations properly plead the citizenship of each of the parties so as to provide the Court with the requisite subject matter jurisdiction to proceed with consideration of the other bases for defendants' instant motion,[1] plaintiff's motion to file a second amended complaint will be granted. In the discussion below, thus, the Court will consider the motion to dismiss as directed to the second amended complaint.

B.  Personal Jurisdiction

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts 'to support a reasonable inference that the defendant[s ] can be subjected to jurisdiction within the state.'" K-V Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d 588, 591-92 (8th Cir. 2011) (quoting Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004)). Personal jurisdiction can be specific or general. Viasystems, Inc. v. EBM-Papst St. Georgen GmbH &

---

[1] According to the second amended complaint, plaintiff is a citizen of Missouri. Defendant Robinson is a citizen of Connecticut and is the sole member of defendant Shadow Ridge . As such, Shadow Ridge is also a citizen of Connecticut. See OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (holding that for purposes of establishing diversity of citizenship, an LLC's citizenship is determined by the citizenship of its constituent members). Furthermore, the amount-in-controversy exceeds $75,000, exclusive of interest and costs. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

3

Co., KG, 646 F.3d 589, 593 (8th Cir. 2011). "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." Miller v. Nippon Carbon Co., Ltd., 528 F.3d 1087, 1091 (8th Cir. 2008) (alterations in original) (quoting Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 819 (8th Cir. 1994)).

### 1. Specific Personal Jurisdiction

"Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." Dairy Farmers of Am., Inc. v. Bassett & Walker Intern., Inc., 702 F.3d 472, 475 (8th Cir. 2012). Although some courts collapse the analysis, these inquiries are separate. Id. (citing Bryant v. Smith Interior Design Grp., Inc., 310 S.W.3d 227, 231-32 (Mo. banc 2010) (analyzing the statutory and constitutional questions separately)). "The reach of a state long arm statute is a question of state law," while "the extent to which the reach of a long arm statute is limited by due process is a question of federal law." Inst. Food Mktg. Assocs., Ltd. v. Golden State Strawberries, Inc., 747 F.2d 448, 455 (8th Cir. 1984).

Missouri's long-arm statute authorizes personal jurisdiction over defendants who, *inter alia*, transact business or make a contract within the state. Mo. Rev. Stat. § 506.500.1(1), (2). In the second amended complaint, plaintiff asserts that Shadow Ridge conducts all of its business through Robinson, and Robinson transacted business in Missouri by negotiating and entering into a contract in

4

Missouri, emailing and calling to Missouri, and receiving a wire transfer from a Missouri bank. Missouri courts construe "transaction of any business" broadly. State ex rel. Metal Serv. Ctr. of Ga., Inc. v. Gaertner, 677 S.W.2d 325, 327 (Mo. banc 1984). Reading the allegations in the complaint in the light most favorable to plaintiff, therefore, the exercise of jurisdiction over defendants is consistent with Missouri's long-arm statute. See Poor Boy Tree Serv., Inc. v. Dixie Elec. Membership Corp., 390 S.W.3d 930, 931 (Mo. Ct. App. 2013) (holding that a contract is made where the acceptor speaks into the phone).

The jurisdictional inquiry does not end here, however. Even if Missouri's long-arm statute authorizes personal jurisdiction over the defendants, "jurisdiction can be asserted only if it comports with the strictures of the Due Process Clause." Viasystems, Inc., 646 F.3d at 594 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980)). "The touchstone of the due-process analysis remains whether the defendant has sufficient 'minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). "The fundamental inquiry is whether the defendant has 'purposefully availed' itself of the 'benefits and protections' of the forum state," id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 482 (1985)), "to such a degree that it 'should reasonably anticipate being haled into court there.'" Id. (quoting World-Wide Volkswagen Corp., 444 U.S. at 297.

The Eighth Circuit has established five factors that must be considered in determining whether sufficient minimum contacts exist for personal jurisdiction: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of

5

the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." Dairy Farmers of Am., Inc., 702 F.3d at 477 (quoting K-V Pharm., 648 F.3d at 592). Significant weight is given to the first three factors. Fastpath, Inc. v. Arbela Techs. Corp., 760 F.3d 816, 821 (8th Cir. 2014).

According to the complaint, defendants' contacts with Missouri consist of negotiating and signing a contract for the lease of some property somewhere, sending emails and making phone calls to someone in Missouri, and accepting a wire transfer from a bank in Missouri. The complaint does not allege who the parties to the contract for lease were, where the property subject to the contract for lease is located, or to whom the emails and phone calls were made. Even if plaintiff alleged that he was a party to the contract for lease and receiving end of the emails and phone calls, "[a] contract between a plaintiff and an out-of-state defendant is not sufficient in and of itself to establish personal jurisdiction over the defendant in the plaintiff's forum state." Id. (quoting K-V Pharm., 648 F.3d at 593). "Personal jurisdiction, moreover, does not turn on mechanical tests or on conceptualistic theories of the place of contracting or of performance." Id. (internal quotations omitted). "Instead courts should consider the terms of the contract and its contemplated future consequences in determining whether personal jurisdiction over a non-resident defendant exists." Id.

Here, plaintiff has neither alleged the details of the contract for lease nor attached a copy of the document to the complaint. The wire transfer mentioned in the complaint was used to send money out of not into Missouri. Furthermore,

6

plaintiff does not allege defendants formed any contracts in Missouri other than the single contract for lease. These incidental contacts with Missouri do not constitute a deliberate and substantial connection with the state such that defendants could "reasonably anticipate being haled into court there." See Burger King Corp., 471 U.S. at 474-75 (quoting World-Wide Volkswagen Corp., 444 U.S. at 297. Rather, these isolated connections are "just the sort of random, fortuitous, and attenuated contacts that cannot justify the exercise of personal jurisdiction." Viasystems, Inc., 646 F.3d at 594 (finding that "scattered e-mails, phone calls, and a wire-transfer of money" to plaintiff in Missouri were insufficient contacts to confer personal jurisdiction); see also Burlington Indus. v. Maples Indus., 97 F.3d 1100, 1103 (8th Cir. 1996) (holding that 100 telephone calls by defendant to plaintiff were "insufficient, alone, to confer personal jurisdiction"); Inst. Food Mktg. Assocs., Ltd., 747 F.2d at 456 (holding that defendant's "phone conversations and written correspondence" with plaintiffs were insufficient to justify an exercise of personal jurisdiction).

"[O]ur minimum contacts analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Fastpath, Inc., 760 F.3d at 823 (quoting Walden v. Fiore, 134 S. Ct. 1115, 1122 (U.S. 2014)). "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." Id. The only conduct alleged related to Missouri is based wholly on the fact that plaintiff resides in Missouri. "Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant – not the convenience of

plaintiffs or third parties." Walden, 134 S. Ct. at 1122. This Court's exercise of jurisdiction over defendants would not comport with due process. Therefore, specific personal jurisdiction is lacking.

### 2. General Personal Jurisdiction

If a court has general jurisdiction over a defendant, it can "adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." Miller, 528 F.3d at 1091 (quoting Bell Paper Box, 22 F.3d at 819). As with specific jurisdiction, general jurisdiction may only be asserted insofar as it is authorized by state law and permitted by the Due Process Clause. Viasystems, Inc., 646 F.3d at 595.

A court may assert general jurisdiction over foreign corporations only if their contacts with the state have been "so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (U.S. 2011) (quoting Int'l Shoe Co., 326 U.S. at 317). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." Id. at 2853-54. In this case, for both defendants that home is Connecticut, not Missouri.

Furthermore, "[b]ecause it extends to causes of action unrelated to the defendant's contacts with the forum state, general jurisdiction over a defendant is subject to a higher due-process threshold." Viasystems, Inc., 646 F.3d at 595. For the same reasons that plaintiff's allegations fail to comport with due process for specific personal jurisdiction, therefore, they also fail to satisfy the higher due process threshold for general personal jurisdiction.

### B. Venue

The determination of proper venue for a federal civil action is governed by 28 U.S.C. § 1391(b). A civil action may be brought in a judicial district where any defendant resides, or where a substantial part of the events giving rise to the claim occurred or property that is the subject of the action is located. § 1391(b)(1)-(2). If no such district exists, then venue is proper in any judicial district in which any defendant is subject to personal jurisdiction with respect to the action. § 1391(b)(3). According to the second amended complaint, no defendant resides in Missouri and the events giving rise to the claim did not occur in Missouri. Furthermore, as set forth above, no defendant is subject to personal jurisdiction in Missouri with respect to this action. As a result, dismissal of this case is also appropriate due to improper venue.

### C. *Forum Non Conveniens*

When a court determines that it lacks subject matter jurisdiction to hear a case or personal jurisdiction over the defendants, the proper course is to dismiss on those grounds rather than consider dismissal for *forum non conveniens*. Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 436 (2007). Because the court lacks personal jurisdiction over defendants, dismissal is appropriate on that basis alone. Furthermore, "[t]he common-law doctrine of *forum non conveniens* has continuing application in federal courts only in cases where the alternative forum is abroad, and perhaps in rare instances when a state or territorial court serves litigational convenience best." Id. at 430 (international citations and quotations omitted); see also Bacon v. Liberty Mut. Ins. Co., 575 F.3d 781, 783 (8th Cir. 2009) (stating that dismissal solely on the basis of *forum non*

9

*conveniens* is inappropriate when there is an alternative federal forum). For the federal court system, Congress has codified the doctrine and provided for the possibility of transfer rather than dismissal when a sister federal court is the more convenient location for the action to proceed. Id. (citing 28 U.S.C. § 1404(a) and § 1406(a)). Because plaintiff seeks transfer to the United States District Court for the Middle District of Florida as the appropriate alternative forum, the common-law doctrine of *forum non conveniens* does not apply.

### D. Motion to Transfer Venue

Plaintiff initially based his motion to transfer venue to the Middle District of Florida on 28 U.S.C. § 1404(a). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "A case may be transferred under § 1404(a) only when venue is proper in the transferor *and* transferee forums." Steen v. Murray, 770 F.3d 698, 701 (8th Cir. 2014); see also Van Dusen v. Barrack, 376 U.S. 612, 634 (1964) ("[S]ection 1404(a) operates on the premise that the plaintiff has properly exercised his venue privilege."). Because venue is improper in this forum, the proposed transferor court, transfer of this case is not permissible under § 1404(a).

Recognizing that he relied upon the wrong statute, plaintiff alternatively seeks transfer of venue based on 28 U.S.C. § 1406(a). In contrast to § 1404(a), § 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid. Van Dusen, 376 U.S. at 634. If a case is brought in a district where venue is improper under § 1391(b), the court "shall dismiss, or if it be in the interest of

10

justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The matter of choosing between transfer and dismissal lies within the discretion of the district court." Digital Equip. Corp. v. Elec. Memories & Magnetics Corp., 452 F. Supp. 1262, 1267 (D. Mass. 1978).

Plaintiff has amended his complaint twice in failed attempts to fix glaring jurisdictional deficiencies. In a final attempt to save his claim, he filed a motion to transfer relying upon the wrong statutory standard. The only reason offered in support of transfer under the correct statute is to save plaintiff the cost and delay of refiling. But, plaintiff himself has been the cause of the cost and delay he has incurred. His attempt to avoid payment of a second filing fee furthermore has increased costs for defendants and delayed judicial resolution of this matter. Additionally, because it appears that the four-year Florida statute of limitations for plaintiff's negligence claim has not expired, plaintiff will not be foreclosed from seeking relief if he chooses to refile in a proper venue. Fla. Stat. 95.11(3)(a). Accordingly, the Court concludes that it is not in the interest of justice to transfer the case rather than dismiss it. See Mulcahy v. Guertler, 416 F. Supp. 1083, 1086 (D. Mass. 1976) (denying plaintiff's motion to transfer under § 1406(a) when the plaintiff "either knew or should have known, in the exercise of reasonable diligence, that service of process could not be effected over the defendant in this district"); see also Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986) (refusing to transfer even though the statute of limitations had run on plaintiff's claim, since plaintiff's mistake in filing suit in the wrong court was elementary and could have been easily avoided with prudence).

* * *

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the plaintiff's motion for leave to file a second amended complaint [Doc. #20] is **granted**.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss the action for lack of personal jurisdiction [Doc. #16] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion to transfer venue [Doc. #23] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's alternate motion for leave to amend the complaint and transfer venue [Doc. #26] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of January, 2015.